IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Raul A. Vasquez, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19 C 6014 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| City of Chicago, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated herein, Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied. Plaintiff is granted until October 18, 2019 to pay the filing fee or this case will be dismissed.

## STATEMENT

Plaintiff Raul A. Vasquez, a Chicago police officer, has brought this *pro se* action against his employer, the City of Chicago, alleging that he was retaliated against for filing a complaint with the Equal Employment Opportunity Commission and that he was denied leave under the Family and Medical Leave Act.

Ordinarily, a plaintiff must pay a statutory filing fee of $400.00 to bring an action in federal court. 28 U.S.C. § 1914(a). But the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis* ("IFP"), a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, a party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). A person need not be "absolutely destitute" in order to qualify as indigent and proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Rather, a party is indigent if, by paying the filing fee, the party will not be able to provide for life's necessities, both for him or herself and any dependents. *Adkins,* 335 U.S. at 339. Ultimately, the determination of indigency is a fact-intensive inquiry that depends on the statement of assets put forth in a party's

application for IFP status. *Bomar v. Krueger*, No. 415CV04153SLDJEH, 2015 WL 8750650, at *1 (C.D. Ill. Dec. 14, 2015).

Here, Vasquez's application states that both he and his spouse are employed and have a combined monthly income of $5,200. *See* IFP App. at 1–2, ECF No. 3. He indicates that he has received $63,559.48 in salary and wages over the past twelve months. *Id.* at 2. He states that he currently has $1,000 in cash, checking, or savings. *Id.* According to the application, he makes monthly mortgage payments of $1,880, and monthly car payments of $240. *Id.* at 3. He states that he has two dependents and that he contributes a total of $1,500 per month for their support. *Id.* Vasquez also indicates that he is currently involved in Chapter 13 bankruptcy proceedings and that he makes payments of $560 per month to the bankruptcy trustee. *Id.* at 2.

According to the 2019 HHS Poverty Guidelines, the guideline for a four-person household is $25,750. Annual Update of the HHS Poverty Guidelines, 84 FR 1167-02. 2019 WL 399312 (Feb. 1, 2019). Vasquez's reported income is more than twice that amount—indeed, it exceeds the guideline by more than $37,000. The fact that Vasquez is currently involved in bankruptcy proceedings does not change this result.

Given that Vasquez's income is significantly above the poverty line, the Court cannot conclude that payment of the $400 filing fee would render Vasquez unable to provide for life's necessities for him and his dependents. Accordingly, the Court does not conduct an analysis under 28 U.S.C. § 1915(e)(2)(B) of whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

For the foregoing reasons, the Court denies Vasquez's application to proceed IFP [3]. Vasquez is granted until the above-stated date to pay the filing fee or this case will be dismissed.

Date: October 4, 2019 /s/John Z. Lee